(No. 3961— 

Elmer Emory, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed April 24, 1947.*

Robert H. Davis, for claimant.

George F. Barrett, Attorney General, and C. Arthur Nebel, Assistant Attorney General, for respondent.

Eckert, C. J.

On June 22, 1945 the claimant, Elmer Emory, an employee of the Department of Public Works and Buildings, Division of Highways, while mowing weeds and cleaning the back slopes of Illinois Route No. 1, west of Ridgway, in Gallatin County, Illinois, was struck by a car travelling south on the highway. He was thrown to the pavement and suffered a fracture of the left tibia.

Immediately following the accident, claimant was taken to Lightner Hospital, at Harrisburg, Illinois, and placed under the care of Dr. Joseph Lightner, who reported a diagonal fracture of the left tibia about the junction of the middle and upper third. X-rays were taken, the fracture was reduced, and put in a plaster cast. Claimant remained under the care of Dr. Lightner until January 19, 1946, when the doctor reported to the respondent that he had discharged claimant as of that date, and that claimant would be able to work on February 15, 1946. Dr. Lightner also reported that there would be some per-

manent disability because of claimant's fear to use his left leg and because ''his age will probably hold him back some.''

At the time of the accident claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this state, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of decedent's employment.

During the year immediately preceding the accident claimant's earnings aggregated $1,426.75. He had no children under sixteen years of age dependent upon him for support. His compensation rate is therefore $13.72 per week. The injury having occurred subsequent to July 1, 1943, this must be increased 17½%, making a compensation rate of $16.12. Respondent has paid to claimant, on account of temporary total disability, $16.12 per week from June 23, 1945 to February 14, 1946, or the total sum of $545.77, and $149.00 on account of medical and hospital services.

Inasmuch as claimant's temporary total disability terminated on February 14, 1946, he is not entitled to additional payments on account of temporary total disability. No claim is made for further medical or hospital services, so that the only question remaining is the nature and extent of claimant's permanent disability.

At the hearing before Commissioner Jenkins, claimant testified that his left leg was not strong; that he could not stand on it very long; that it swells each day; that he can not walk without the use of a cane; that he lives a quarter of a mile from town, and can walk that distance only with his cane; that it takes him 15 or 20 minutes for the walk; and that when he arrives in town he is so tired that he is required to rest for 30 or 40 min-

utes before he can walk again. Claimant also testified that he has not worked since the injury.

Dr. Joe Bryant, testifying on behalf of claimant, stated that a recent examination of claimant's left leg disclosed swelling, pain, and limitation of motion. Dr. Bryant testified that the condition was permanent, and that the only work which claimant could do would be something sitting down. The doctor stated that he found an overriding of the fracture with a noticeable calcium deposit, and that there was a shortening of about one inch.

From the departmental report, which forms a part of the record in the case, from the testimony, and from the opinion of the commissioner who observed the claimant, the court is of the opinion that claimant has suffered a 50% permanent loss of use of his left leg. He is therefore entitled to an award for 50% of his average weekly wage for 95 weeks, increased 17½%.

Doris Leavell of Shawneetown, Illinois, was employed to take and transcribe the evidence at the hearing before Commissioner Jenkins. Charges in the amount of $20.00 were incurred for these services, which charges are fair, reasonable, and customary.

An award is therefore entered in favor of Doris Leavell in the amount of $20.00, and an award is entered in favor of Elmer Emory, in the amount of $1,531.40, payable as follows:

> $999.44, which has accrued, is payable forthwith;
> $531.96, is payable in weekly installments of $16.12 per week, beginning April 24, 1947, for a period of 33 weeks.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."